**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **R.P., J.P., C.P., M.P., and E.P.**

**No. 22-0349** (Braxton County 21-JA-4, 21-JA-5, 21-JA-6, 21-JA-7, and 21-JA-8)

**MEMORANDUM DECISION**

Petitioner Mother S.P.[1] appeals the Circuit Court of Braxton County's April 5, 2022, order adjudicating her as an abusing parent. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

After their divorce, petitioner and the father shared custody of T.P., R.P., J.P., C.P., M.P., and E.P., with petitioner exercising primary custody of the children and the father exercising visitation.[2] In January of 2021, the DHHR filed a petition alleging that petitioner lacked suitable housing and allowed her live-in paramour, M.G., to physically abuse several of the children. The children were placed with their nonabusing father. In February of 2021, the DHHR filed an amended petition adding allegations that petitioner's substance abuse negatively impacted her ability to parent.

In March of 2021, the court held a contested adjudicatory hearing. A toxicologist testified that petitioner produced positive drug screens for marijuana and one positive drug screen for methamphetamine. The children's advocacy center ("CAC") interviewer testified that three of the children—M.P., C.P., and J.P.—disclosed seeing M.G. physically assault T.P. and that petitioner did nothing to protect T.P.[3] C.P. reported that M.G. kicked him with heavy boots and grabbed his genitals. J.P. reported that the home was always a "wreck" and that petitioner knew M.G. slapped

---

[1]Petitioner appears by counsel Daniel K. Armstrong. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Lee Niezgoda. Julia R. Callaghan appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). T.P. has reached the age of majority and is not at issue on appeal.

[3]Although T.P. turned eighteen years old and was dismissed as a party from the proceedings, the court appointed the father as his conservator and guardian due to his intellectual disability.

him (J.P.) in the face but did nothing about it. J.P. also reported that petitioner told the children not to tell anyone about the abuse. The DHHR worker testified that although T.P. did not divulge abuse during his CAC interview, he later disclosed that M.G. threw him to the ground.

A state trooper testified that when he executed a search warrant shortly after the children's removal, he confiscated twenty-four firearms from the home and arrested M.G. for being a person prohibited from possessing firearms. He stated that the home smelled of marijuana and that petitioner admitted to using marijuana. The trooper also stated that the home was unsanitary, including numerous dirty dishes caked with old food, dried piles of dog feces, and flies everywhere.

Petitioner testified and denied all allegations of physical abuse. She stated that during the incident described in the CAC interviews, T.P. attacked M.G. and hurt himself when he fell. Petitioner's explanation for her positive methamphetamine drug screen was that it must have been a "mistake in the lab." Petitioner further denied that her home was in an unfit condition when searched by the trooper. The circuit court took the matter under advisement and admitted the CAC interviews into evidence, indicating it would later review them in camera. Petitioner did not object to the admission of the CAC interviews. Petitioner orally moved to have T.P., R.P., and C.P. testify, but the court noted that petitioner had not previously subpoenaed the children to testify, disclosed them as witnesses, or filed a motion to have them testify. The court found that the children's testimony would be redundant considering their CAC interviews and that testifying would psychologically harm them. The court, therefore, denied petitioner's request.

By order entered on April 5, 2022, the court adjudicated petitioner as an abusing parent. Based on the CAC interviewer's testimony and the DHHR worker's testimony, the court found that there were several incidents of physical abuse. The court found that petitioner was aware of the physical and emotional abuse of the children but failed to protect them from such abuse. Further, the court found that petitioner had abused controlled substances and had an unfit and unsanitary home.

In May of 2022, the court held a dispositional hearing wherein it dismissed the petition against petitioner, finding that she had participated in a psychological evaluation, attended supervised visitations, parenting education, counseling services, and drug screens. Petitioner had also obtained suitable housing and employment. The circuit court found petitioner's motion to dismiss and rule to show cause moot, awarded the father primary custody of the children, and awarded petitioner visitation. It is from the April 5, 2022, adjudicatory order that petitioner now appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner first argues that the circuit court erred in adjudicating her based on T.P.'s alleged "inadmissible hearsay" statements, which were admitted through the DHHR worker's testimony. However, the record shows that petitioner did not object to the DHHR worker's testimony regarding T.P.'s disclosure. Indeed, petitioner cross-examined the DHHR worker about the statements, waiving such error. "'Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer*

*v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n.20, 524 S.E.2d 688, 704 n.20 (1999)." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009). "This Court has consistently held that 'silence may operate as a waiver of objections to error and irregularities[.]'" *Hopkins v. DC Chapman Ventures, Inc.*, 228 W. Va. 213, 220, 719 S.E.2d 381, 388 (2011) (citations omitted). Furthermore, petitioner argues that the children gave conflicting disclosures during their CAC interviews because half of the children did not divulge abuse; however, E.P. was three years old, R.P. was openly allied with petitioner, and T.P. later disclosed the abuse to the DHHR worker. Notably, petitioner ignores the fact that three of the children's disclosures were consistent regarding petitioner and M.G.'s abuse. As such, we find petitioner's mischaracterization of the children's CAC interviews unavailing.

Petitioner further argues that R.P. should have testified, as neither the guardian nor the DHHR put forward evidence that testifying would psychologically harm her. However, petitioner fails to acknowledge our rule that there is a "rebuttable presumption that the potential psychological harm to the child outweighs the necessity of the child's testimony and that the court shall exclude this testimony if the potential psychological harm to the child outweighs the necessity of the child's testimony." W. Va. R. of Proc. for Child Abuse and Neglect Proc. 8(a). Petitioner had the burden to rebut this presumption, but the record shows that she failed to do so. Additionally, the court may exclude a child's testimony if "the equivalent evidence can be procured through other reasonable efforts" such as the CAC interview here. *Id.* Because equivalent evidence was already before the court, it was not an abuse of discretion to deny petitioner's requests to have R.P. testify.

Petitioner also argues that the circuit court erred in denying her request to have then-eighteen-year-old T.P. testify, as his testimony may have affected the court's adjudication of her as an abusing parent. We note that petitioner did not disclose T.P. as a witness, in contravention of Rule 10(c)(3) of the Rules of Procedure for Child Abuse and Neglect Proceedings, and the circuit court properly denied her late request to have T.P. testify. Nonetheless, we find that petitioner ignores the ample evidence in support of the circuit court's finding that she abused and neglected the children. Indeed, petitioner does not challenge the court's findings regarding her substance abuse, and the record supports a finding that her home was unfit and unsanitary. Therefore, despite T.P.'s statements, there was other evidence to support the circuit court's adjudication of petitioner.[4]

---

[4]Petitioner's reply brief complains that the DHHR and the guardian failed to address the fact that "there were no hearings for over one year" and that she was held "in limbo" regarding her adjudication for a year. However, petitioner did not advance these issues as assignments of error or otherwise clearly argue these alleged errors, which is in contravention of Rules 10(c)(3) and (7) of the Rules of Appellate Procedure. "[T]his Court is entitled to strict adherence to the Rules of Appellate Procedure; compliance with the Rules is essential to our ability to carefully review and fairly decide cases. Because the legal issues implicated by the parties were not addressed in a manner compliant with Rule 10, we decline to address them. *City of Martinsburg v. Cnty. Council of Berkeley Cnty.*, -- W. Va. -- , -- S.E.2d -- , 2022 WL 14764190, at *3 (2022). As such, we will not address these issues on appeal.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 5, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: February 7, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn